IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-49,698-04 and 49,698-05






EX PARTE JAMES DEAN PARKER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 12,773 IN THE 21ST DISTRICT COURT

BURLESON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of burglary of a habitation and aggravated assault, and punishment
was assessed at seven (7) and three (3) years' confinement, respectively. No direct appeals
were taken.

 Applicant contends that his pleas of guilty were involuntary because he received
ineffective assistance of counsel and because he wanted to get away from an abusive jailor. 
Specifically, he contends that counsel: told him immediately before trial that she had not
investigated his case or prepared for trial; misinformed him that a favorable witness refused
to testify and that another witness was going to testify against him; and did not contact or call
Applicant's treating doctor, John Chenneault, despite his availability and willingness to
testify to mitigating facts. Applicant contends that he would have gone to trial, if counsel
had been prepared for trial and had expressed any willingness to defend him. Additionally,
Applicant contends that he was subjected to abuse while in jail at the hands of an Officer
Polansky, who denied him clothing, a blanket, and water, and refused to provide him with
medical care when Applicant was injured. This abuse was such that other officers who
witnessed it sent letters of complaint to the Texas Commission on Jail Standards, and the
Commission's intervention resulted in Applicant receiving medical care at St. Joseph's
Hospital in Caldwell in February 2004. Applicant avers that his fear of continued abuse
induced him to plead guilty in order to get away from the jail.

 The trial court has entered orders concluding "that there is ample evidence in the
record to rule on the relief sought." However, we disagree. Applicant has stated facts
requiring resolution. Because this Court does not hear evidence, it is necessary for the matter
to be remanded to the trial court for resolution. This trial court shall resolve the factual
issues as set out in Tex. Code Crim. Proc. art 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, appropriate officials of the Burleson County
Sheriff's Department and the Texas Commission on Jail Standards, and personnel of St.
Joseph's Hospital, or it may hold a hearing. In the appropriate case, the trial court may rely
on personal recollection.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel told Applicant that she had not investigated his case or prepared for
trial; misinformed him that a favorable witness refused to testify and that another witness was
going to testify against him; and refused to contact or call Applicant's treating doctor. If the
court finds that any of Applicant's allegations are supported by the record, the trial court shall
also make findings as to whether Applicant would have gone to trial, but for counsel's
performance. Additionally, the trial court shall make findings as to whether Applicant's
allegations concerning the conduct of a jailor and the conditions of his confinement are
supported by the record. If the court finds that any of the allegations are supported by the
record, the trial court shall also make findings as to whether Applicant would have gone to
trial, but for the conditions of his confinement. The trial court should also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the applications for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex. Crim. App. 1960), these applications for post-conviction writs of
habeas corpus will be held in abeyance pending the trial court's compliance with this order. 
The trial court shall resolve the issues presented within ninety (90) days of the date of this
order. (1) A supplemental transcript containing all affidavits, the transcription of the court
reporter's notes from any interrogatories or hearings held, along with the trial court's
findings of fact and conclusions of law, shall be returned to this Court within one hundred
twenty (120) days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 29th day of March, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.